UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY K. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:11-cv-00139-SEB-DML |
| ) | |
| ROCKIES EXPRESS PIPELINE LLC *et al.*,) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

This cause is presently before the Court on Plaintiff's Motion to Strike [Docket No. 84], filed on February 13, 2012. For the reasons detailed below in this entry, Plaintiff's Motion is DENIED.

Plaintiff, Danny Parker, has filed the instant lawsuit against Defendants Rockies Express Pipeline LLC ("Rockies") and Sheehan Pipe Line Construction Company ("Sheehan") to recover for breach of contract, negligence, and trespass. These claims arise out of alleged damages from the construction of a natural gas pipeline across a portion of property he owns in Martinsville, Indiana. The remaining Defendants (Alegion Inc., Brandenburg Drainage Inc., Pe Ben USA, Inc., and Shaw Pipeline Services Inc.) joined this lawsuit on January 3, 2012, having been named in Mr. Parker's Second Amended Complaint [Docket No. 65], each allegedly having worked as subcontractors for either Rockies or Sheehan. Mr. Parker asserts that these additional Defendants furnished services pertaining to the construction, installation, and/or remediation of the natural gas

pipeline on his property.

Defendant Sheehan, an Oklahoma-based partnership, responded to Mr. Parker's Second Amended Complaint on January 24, 2012 [Docket No. 68], asserting numerous affirmative defenses. Number 29 of these defenses states as follows:

> [T]he damages and/or injuries alleged to have been incurred by the plaintiff were caused in full or in part by non-parties, the Indiana Utilities Regulatory Commission, the Federal Energy Regulation Commission (a/k/a FERC) and *any unknown and unidentified parties* who may have been present during the events alleged in the plaintiff's Complaint, whom the defendant may identify during the course of discovery.

Sheehan Answer at 18-19 (emphasis supplied). Mr. Parker has asked the Court to strike the portion of this affirmative defense that includes "any unknown and unidentified parties" on the grounds that Indiana law requires a defendant to specifically name nonparties that he believes may have caused the plaintiff's damages. Sheehan rejoins that the defense is proper because the identities of all potential nonparties remained unknown to Sheehan when it filed its Answer. Further, Sheehan asserts that it reserves the right to postpone naming any nonparty defendants until such entities are reasonably discoverable.

Under Indiana law, a nonparty defense may be raised when the defendant contends that the plaintiff's damage was caused in full or in part by a nonparty. Ind. Code § 34-51-2-14. "Just as it may be considered 'unfair' to deprive the plaintiff of recovering the full amount of . . . damages due to the allocation of fault to a nonparty, it would be 'unfair' to require the defendant alone to bear the cost . . .

2

if he or she was not solely responsible." *Bulldog Battery Corp. v. Pica Invs., Inc.*, 736 N.E.2d 333, 338 (Ind. Ct. App. 2000). The defendant must raise any nonparty defense in his answer, assuming that such defense is known prior to the time of filing. Ind. Code § 34-51-2-16; *Kelly v. Bennett*, 792 N.E.2d 584, 586 (Ind. Ct. App. 2003). However, if the defendant acquires "actual knowledge" of such a defense after having filed the answer, he "may plead the defense with reasonable promptness." Ind. Code § 34-51-2-16.

If service of the complaint was made on the defendant more than 150 days prior to the expiration of the statutory limitations period for the nonparty, the defendant must plead nonparty defenses no later than 45 days before such expiration deadline. Ind. Code § 34-51-2-16. The court "may alter these time limitations or make other suitable time limitations in any manner consistent with giving the defendant a reasonable opportunity to discover the existence of a nonparty defense." *Id.*; *see also Kelly*, 792 N.E.2d at 586. "Reasonable promptness" refers to the period of time between service of the complaint on the defendant and assertion of the nonparty defense by the same. This court has previously determined that "reasonable promptness" is *not* the time between learning of the defense and asserting it. *Custer v. Schumacher Racing Corp.*, No. 1:06-cv-1208-WTL-JDT, 2007 WL 2902047, at *2 (S.D. Ind. Aug. 14, 2007) (citing *Kelly*, 792 N.E.2d at 587). The purpose of the requirement to plead a nonparty defense with "reasonable promptness" would be "confounded if a defendant takes little action to discover

3

such a defense until a substantial delay has occurred." *Kelly*, 792 N.E.2d at 587.

As the Indiana Supreme Court explained in *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905 (Ind. 2001):

> To ensure fairness to the plaintiff, the burden of pleading and proving the specific name of the nonparty is on the defendant. Therefore, a defendant who intends to use a nonparty defense must specifically name the nonparty. Additionally, [the] Indiana Code . . . requires that a defendant disclose the identity of nonparty defendants within a certain time frame, thus giving the plaintiff notice of any nonparty defendants that the defendant intends to add.

*Owens Corning*, 754 N.E.2d at 913 (citations omitted). This pleading format allows a plaintiff the opportunity to add nonparties as party defendants. *Id.* The deadline imposed on the defendant for naming any given nonparty defendant "depends upon when the defendant receives notice of the availability of a certain nonparty to add." *Id.* According to Mr. Parker, both *Owens Corning* and *Cornell Harbison Excavating, Inc. v. May*, 546 N.E.2d 1186 (Ind. 1989), "clearly dictate[]" that Sheehan "cannot assert a nonparty defense as to an unnamed party." Mr. Parker alleges that Sheehan is precluded from raising such defenses unless he has "actually discover[ed]" the defense with specificity and "actually knows and identifies the nonparties." Pl.'s Reply ¶¶ 4, 6. Bearing in mind that "[m]otions to strike are generally disfavored," *see Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), as well as the applicable law and foregoing facts, we disagree.

To be sure, "where a motion to strike 'removes unnecessary clutter from the

4

case, [it] serve[s] to expedite, not delay.' Therefore, when the pleading is redundant or the statements are immaterial, the court has the power to strike the offending parts." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) (citing *Heller*, 883 F.2d at 1294; Fed. R. Civ. P. 12(f)). The instant lawsuit, in our view, has not yet passed the "point of no return" in terms of docket clutter. At this early stage in the litigation, we are not persuaded that Sheehan's knowledge is dispositive to our resolution of the instant motion. Rather, the appropriate inquiry is whether the pleadings establish Sheehan's efforts to discover such knowledge. *See Templin v. Fobes*, 617 N.E.2d 541, 545 (Ind. 1993). The chronology of this lawsuit gives the Court no reason to conclude that Sheehan has neglected its due diligence responsibilities or otherwise failed to act with the "reasonable promptness" contemplated by statute.

Examining the timetable as pled by the parties, as Sheehan observes, is not an exercise of perfect certitude. Determining the precise moment at which Mr. Parker's negligence claim accrued is difficult at this juncture because the Second Amended Complaint—although well-pled—contains few firm dates. Nevertheless, we can discern that construction of the allegedly offending pipeline ceased at some point in November of 2009. Second Am. Compl. ¶ 6 (deeming this as the time when Defendants, either individually or collectively, left Mr. Parker's property). "Soon thereafter, [Mr. Parker]'s [p]roperty was severely flooded" and remained in this condition for "a period of at least five months." *Id.* ¶¶ 13, 15.

Five months after November 2009—again, at the very latest—would provide an April 30, 2010 "start date" for the running of the limitations period on Mr. Parker's negligence claim. A two-year statutory period would specify an expiration date of April 30, 2012. Mr. Parker filed his most recent version of the Complaint against Sheehan on January 3, 2012, which is *not* more than 150 days prior to the expiration of this limitations period. Accordingly, pursuant to Indiana Code § 34-51-2-16, Sheehan is not bound by an inflexible deadline so long as it can plead all nonparty defenses with reasonable promptness.

Determining whether Sheehan has pled its defenses with reasonable promptness implicates its conduct during discovery. "It is during the discovery period that the court must expect the parties diligently to research and develop their positions." *Heath v. Isenegger*, No. 2:10-cv-175, 2011 WL 2580538, at *2 (N.D. Ind. June 28, 2011). Here, due to the joinder and dismissal of various parties, the discovery process has clearly been complicated. But what the Court finds most useful in assessing Sheehan's promptness is the fact that time yet remains for Sheehan to discover the identities of nonparties. On September 17, 2012, Magistrate Judge Lynch granted the parties' joint motion to amend the Case Management Plan and ordered "discovery relating to liability issues [to] be completed by November 10, 2012." Docket No. 136. Thus, we find it inappropriate to curtail Sheehan's properly-asserted reservation of the right to amend its answer to add nonparties whose identities may be ascertained up to and

including November 10, 2012.  Failure to make such timely amendment may, of course, result in a later determination that Sheehan has not acted with reasonable promptness.  Nonetheless, because this deadline has not expired, we will allow Sheehan the full amount of time deemed appropriate for discovery by Magistrate Judge Lynch.

For the reasons detailed above, Plaintiff's Motion to Strike a portion of Sheehan's Affirmative Defense Number 29 is DENIED.  Sheehan may seek leave to amend its Answer to name all entities which may be subject to its chosen nonparty defenses through the close of discovery on November 10, 2012.  Any nonparties added by Sheehan shall be specifically named, in accordance with Indiana law.

IT IS SO ORDERED.

Date:  09/28/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

7

Copies to:

James Eric Rochford
YASMIN L STUMP GROUP P.C.
eric@yasminstumplaw.com

Patrick O'Shea Sabo
YASMIN L STUMP GROUP P.C.
patrick@yasminstumplaw.com

Yasmin L. Stump
YASMIN L STUMP GROUP P.C.
yasminstump@aol.com

Anthony Seaton Ridolfo, Jr.
HACKMAN HULETT & CRACRAFT LLP
aridolfo@hhclaw.com

Joseph M. Hendel
HACKMAN HULETT & CRACRAFT LLP
jhendel@hhclaw.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Brooke Lynn Riffell
KOPKA PINKUS DOLIN & EADS LLC
blriffell@kopkalaw.com

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

8

Thomas C. Hays
LEWIS WAGNER LLP
thays@lewiswagner.com

Valerie Lynn Hughs
LEWIS WAGNER LLP
vhughs@lewiswagner.com