UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANNY K. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-0139-SEB-DML |
| | ) | |
| ROCKIES EXPRESS PIPELINE LLC *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**

This cause is presently before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defense [Docket No. 107], filed on March 30, 2012, pursuant to Federal Rule of Civil Procedure 12(f). The motion is fully briefed, and the Court, being duly advised in the matter, GRANTS the motion for the reasons detailed below.

On December 27, 2010, Plaintiff, Danny Parker, filed suit against Defendants Rockies Express Pipeline LLC ("Rockies Express") and Sheehan Pipe Line Construction Company ("Sheehan") in the Morgan Superior Court. Rockies Express removed the action to this court on January 28, 2011. *See* Docket No. 1. The claims presented in Mr. Parker's original Complaint arise out of alleged damages from the construction of a natural gas pipeline across a portion of property he owns in Martinsville, Indiana. Mr. Parker amended his Complaint on March 1, 2011 [Docket No. 17], and again on January 3, 2012 [Docket No. 65]. In his Second Amended Complaint ("SAC"), he joined several additional Defendants to this lawsuit; those still remaining as parties are Alegion Inc.,

Brandenburg Drainage, Inc., Pe Ben USA, Inc., and Shaw Pipeline Services Inc.  Each of the Defendants named in the SAC had allegedly worked in a subcontracting capacity for either Rockies or Sheehan by "perform[ing] services involved with the construction, installation and/or remediation of [a] natural gas pipeline on [Mr. Parker]'s [p]roperty." SAC ¶ 11.  Mr. Parker alleges that "Defendants, individually and/or collectively, crushed a corrugated pipe that controlled water drainage," as a result of which he was left "holding the bag" for substantial, costly repairs.  *See generally id.* ¶¶ 14-30.

Defendant Brandenburg Drainage, Inc. ("Brandenburg") is an Iowa corporation with its corporate headquarters located in Maquoketa, Iowa.  SAC ¶ 5.  As described above, Brandenburg joined this lawsuit on January 3, 2012, having been named in Mr. Parker's SAC.  Brandenburg filed its Answer [Docket No. 100] on March 9, 2012, asserting five affirmative defenses.  The fourth and fifth of these affirmative defenses state, respectively, that Brandenburg "asserts and adopts the additional and affirmative defenses pleaded by other defendants in their Answers to the extent that those defenses apply and pertain to plaintiff's claims against Brandenburg . . . [and] reserves the right to add defenses which become known to it during the course of discovery."  Brandenburg Answer at 3-4.

Mr. Parker has asked the Court to strike Brandenburg's fourth affirmative defense in its entirety on the grounds that "it is not affirmatively and specifically pled as required by the Federal Rules of Civil Procedure and Indiana law."  Pl.'s Br. ¶ 9.  Brandenburg rejoins that, although the defense has not been pled "in a technical form," it is nonetheless

2

proper because it is "simple, concise, and direct." Def.'s Resp. at 1-2 (citing Fed. R. Civ. P. 8(d)). In Brandenburg's view, this manner of presenting a defense substantially mirrors the well-established practice of incorporating earlier allegations of fact by reference in a plaintiff's complaint. *Id.* Further, Brandenburg contends, "[n]ot knowing enough of the facts surrounding [Mr. Parker's] claims" justifies its assertion of such a general defense.

An affirmative defense is raised in a responsive pleading; "in effect, [it] admits the essential allegations of the complaint but asserts additional matter barring relief." *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1125 (Ind. 2010). Under the Indiana Rules of Trial Procedure, "[a] responsive pleading shall set forth affirmatively and carry the burden of proving: [a list of defenses] and any other matter constituting an avoidance, matter of abatement, or affirmative defense." Ind. Trial R. 8(C). The list of affirmative defenses in Indiana Trial Rule 8(C) is not exhaustive. *Willis v. Westerfield*, 839 N.E.2d 1179, 1185 (Ind. 2006). Whether a defense is affirmative hinges on if it contradicts an element of the plaintiff's *prima facie* case or introduces matters outside the scope of the plaintiff's *prima facie* case. *Kephart*, 934 N.E.2d at 1125.

Similarly, Federal Rule of Civil Procedure 8(c) requires parties to "affirmatively state" all affirmative defenses in a responsive pleading. Fed. R. Civ. P. 8(c)(1). This rule provides a non-exhaustive list of such defenses as well. *See id.* Affirmative defenses may be asserted "alternatively or hypothetically," or even inconsistently. Fed. R. Civ. P. 8(d)(2). Further, generally speaking, "affirmative defenses, like claims, are personal." *Blockowicz v. Williams*, 630 F.3d 563, 570 (7th Cir. 2010).

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike affirmative defenses; it provides that a court "may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Motions to strike are often disfavored "because they 'potentially serve only to delay.'" *Pringle v. Garcia*, No. 2:09-cv-22-RLM-PRC, 2009 WL 1543460, at *1 (N.D. Ind. June 2, 2009) (quoting *LaSalle Bank Nat'l Assoc. v. Paramount Props.*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008)). If the motion will "remove unnecessary clutter from the case," it does not create delay. *See id.* As pleadings, affirmative defenses must satisfy the liberal standard of Federal Rule of Civil Procedure 8. Nevertheless, such defenses "must include either direct or inferential allegations as to all elements of the defense asserted," and "bare bones conclusory allegations" do not suffice. *Pringle*, 2009 WL 1534360, at *1 (citations omitted).

Motions such as Mr. Parker's are "ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial." *Hofmann v. Aspen Dental Mgmt., Inc.*, No. 3:10-cv-37-SEB-WGH, 2011 WL 3902773, at *3 (S.D. Ind. Sept. 6, 2011) (quoting *Baker v. Westinghouse Elec. Corp.*, 830 F. Supp. 1161, 1168 (S.D. Ind. 1993)). In fact, the Seventh Circuit has gone so far as to say that motions asserted under Rule 12(f) "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Affirmative defenses are stricken pursuant to this rule "only when they are insufficient on the face of the pleadings." *Id.* (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294

4

(7th Cir.1989)).   Ultimately, the decision to strike material is within the discretion of the district court.  *See Talbot v. Robert Mathews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Each of the foregoing principles of the law informs our decision as to whether Brandenburg has offered cognizable affirmative defenses.   As Brandenburg correctly observes in its response brief, the full factual milieu of Mr. Parker's claim has not been fully developed.   Def.'s Resp. at 2.   We recognized as much in our recent Order Denying Plaintiff's Motion to Strike, where we noted that "time yet remains for [Defendant] Sheehan to discover the identities of nonparties" before November 10, 2012, when the discovery period[1] will expire.   Docket No. 139 at 6.   Accordingly, we acknowledge that all parties to this lawsuit may have access to a different array of information by this time next month.   We are likewise mindful that motions to strike affirmative defenses are generally not granted when such defenses rely on disputed facts or questions of law.  *See, e.g.*, *United States v. Martell*, 844 F. Supp. 454, 457 (N.D. Ind. 1994).   The problem with Brandenburg's fourth affirmative defense, however, is that it is completely unclear as to the factual or legal basis or bases upon which it purports to rest.   Brandenburg has essentially stated an "everything but the kitchen sink" defense, inviting the Court to apply whatever facts and legal principles *may* bolster any other Defendant's position in this lawsuit.   Because this defense is both lazy and meritless, we decline to do so.

---

[1] Discovery related to liability issues shall be completed by the November 10 deadline. *See* Docket No. 136.

"The reason motions to strike are disfavored is because they are not always a good use of the time it takes to file and rule upon them. Often, that which a party wants stricken is harmless." *Leon v. Jacobson Transp. Co.*, No. 10-c-4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010). Whether the disputed material is harmless is certainly not dispositive of the issue before us. Rather, if the character of its content would prevent us from construing the pleadings "so as to do justice," as Federal Rule of Civil Procedure 8(e) requires, it should be stricken. Allowing Brandenburg to present bare bones allegations as affirmative defenses does not, in our view, "do justice." In point of fact, such a decision would produce injustice because Brandenburg's Answer gives Mr. Parker no notice of potential defenses he may have to rebut at the dismissal or summary judgment stage. *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005). This result is precisely that which Federal Rule of Civil Procedure 8(c) strives to avoid.[2]

At the conclusion of discovery, it is certainly possible that various defenses raised by the other Defendants will become assertable by Brandenburg. It is clear, though, that such defenses are not *current* defenses. Curiously, Brandenburg has had the opportunity to research potentially current defenses it might assert by consulting the electronic case management system. All defenses articulated by the original Defendants, Rockies Express and Sheehan, have been available for Brandenburg's perusal during the time period relevant to this motion. Moreover, all remaining Defendants' answers were filed

---

[2]Further, such a result contravenes the Indiana Rules of Trial Procedures' goal of "ensur[ing] that cases are tried on the issues that their facts present." *Borne ex rel. Borne v. Nw. Allen Cnty. Sch. Corp.*, 532 N.E.2d 1196, 1199 (Ind. Ct. App. 1989).

prior to Brandenburg's: Shaw Pipeline Services Inc.'s on February 27, 2012 [Docket No. 89], Alegion Inc.'s on February 29, 2012 [Docket No. 93], and Pe Ben USA, Inc.'s on March 1, 2012 [Docket No. 96]. That Brandenburg had—at the very least—one week to review defenses it might wish to incorporate makes its fourth affirmative defense all the more unacceptable. As it is presently asserted, this defense fails to meet the standard set forth in *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989), where the court refused to recognize mere "restatements" of earlier assertions (especially since the proponent of such "defenses" provided no citations to support inclusion thereof) as affirmative defenses. *Heller*, 883 F.2d at 1294-95. Brandenburg's extremely vague, overly hypothetical allegation therefore should not be advanced until such time as it may be established that the proper factual predicates apply. Consequently, we GRANT Plaintiff's motion to strike this affirmative defense in its entirety.

Federal Rule of Civil Procedure 12(f) also permits a district court to act *sua sponte* in striking from a pleading any "insufficient" defense. Fed. R. Civ. P. 12(f). To that end, the Court strikes Brandenburg's fifth affirmative defense as well. We exercise our discretion to do so because an attempt to reserve the right to add additional defenses "is unnecessary" and "is not an affirmative defense at all." *J & J Sports Prods., Inc. v. Munoz*, No. 1:10-cv-1563-WTL-TAB, 2011 WL 2881285, at *2 (S.D. Ind., July 15, 2011). If Brandenburg wishes to add additional defenses, its proper course of action is to seek the Court's leave to amend in a Rule 15 motion.

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Strike

Affirmative Defense Number Four from Brandenburg's Answer and STRIKES Affirmative Defense Number Five *sua sponte*. We afford Brandenburg forty-five (45) days within which to seek leave to amend its Answer to conform to this ruling.

    IT IS SO ORDERED.

Date: _____10/05/2012

                                              SARAH EVANS BARKER, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Copies to:

James Eric Rochford
YASMIN L STUMP GROUP P.C.
eric@yasminstumplaw.com

Patrick O'Shea Sabo
YASMIN L STUMP GROUP P.C.
patrick@yasminstumplaw.com

Yasmin L. Stump
YASMIN L STUMP GROUP P.C.
yasminstump@aol.com

Anthony Seaton Ridolfo, Jr.
HACKMAN HULETT & CRACRAFT LLP
aridolfo@hhclaw.com

Joseph M. Hendel
HACKMAN HULETT & CRACRAFT LLP
jhendel@hhclaw.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Brooke Lynn Riffell
KOPKA PINKUS DOLIN & EADS LLC
blriffell@kopkalaw.com

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

Thomas C. Hays
LEWIS WAGNER LLP
thays@lewiswagner.com

Valerie Lynn Hughs
LEWIS WAGNER LLP
vhughs@lewiswagner.com